Exhibit 1

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TAKU SHIBATA,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendants.

Case No. 1:26-cv-02311

**Judge Elaine E. Bucklo**

**Magistrate Judge Jeffrey T. Gilbert**

## PRELIMINARY INJUNCTION ORDER

Plaintiff TAKU SHIBATA ("Shibata" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Shibata's Motion in part as follows.

This Court finds Shibata has provided notice to Defendants in accordance with the Temporary Restraining Order entered April 14, 2026, [19] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Shibata has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Shibata's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-354-562 (the "Taku Shibata Work") to residents of Illinois. In this case, Shibata has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Taku Shibata Work. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Taku Shibata Work.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Shibata's previously granted Motion for Entry of a TRO establishes that Shibata has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Shibata will suffer irreparable harm if the injunction is not granted.

Specifically, Shibata has proved a *prima facie* case of copyright infringement because (1) the Taku Shibata Work is registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use the Taku Shibata Work, and (3) Defendants' use of the Taku Shibata Work is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Shibata. Furthermore, Defendants' continued and unauthorized use of the Taku Shibata Work irreparably harms Shibata through diminished goodwill and brand confidence, damage to Shibata's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Shibata has an inadequate remedy at law. Moreover, the public interest is

served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Taku Shibata Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Shibata product or not authorized by Shibata to be sold in connection with the Taku Shibata Work;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Shibata product or any other product produced by Shibata, that is not Shibata's or not produced under the authorization, control, or supervision of Shibata and approved by Shibata for sale under the Taku Shibata Work;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Shibata, or are sponsored by, approved by, or otherwise connected with Shibata; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Shibata, nor authorized by Shibata to be sold or offered for sale, and which bear any of Shibata's copyrights, including the Taku Shibata Work, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Shibata's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Walmart Inc. ("Walmart"), PayPal, Inc. ("PayPal") (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Shibata expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Walmart, and PayPal, or other

4

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Shibata's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Taku Shibata Work.

5. Any Third Party Providers, including Amazon, Walmart, and PayPal, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Taku Shibata, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Shibata may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Taku Shibata and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "CHJ-SHOP-X and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that

5

Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Exhibit 2 to the Declaration of Taku Shibata [16], and the TRO [19] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollar ($10,000) bond posted by Shibata shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Elaine E. Bucklo
United States District Judge

Dated: 4/30/2026

6

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MALERIFABRIKKEN A/S,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendants.

Case No. 1:26-cv-02315

**Judge Elaine E. Bucklo**

**Magistrate Judge Maria Valdez**

**PRELIMINARY INJUNCTION ORDER**

Plaintiff MALERIFABRIKKEN A/S ("Malerifabrikken" or "Plaintiff") filed a Motion for

Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores

operating under the seller aliases identified in Schedule A to the Complaint and attached hereto

(collectively, "Defendants") and using at least the online marketplace accounts identified in

Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying

record, this Court GRANTS Malerifabrikken's Motion in part as follows.

This Court finds Malerifabrikken has provided notice to Defendants in accordance with the

Temporary Restraining Order entered April 14, 2026, [20] ("TRO"), and Federal Rule of Civil

Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal

jurisdiction over Defendants because Defendants directly target their business activities toward

consumers in the United States, including Illinois. Specifically, Malerifabrikken has provided a

basis to conclude that Defendants have targeted sales to Illinois residents by setting up and

operating e-commerce stores that target United States consumers using one or more seller aliases,

offer shipping to the United States, including Illinois, and have sold products using infringing versions of Malerifabrikken's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-453-732; VA 2-453-486; and VA 2-453-731 (the "Malerifabrikken Works") to residents of Illinois. In this case, Malerifabrikken has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Malerifabrikken Works. *See* Docket No. [17], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Malerifabrikken Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Malerifabrikken's previously granted Motion for Entry of a TRO establishes that Malerifabrikken has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Malerifabrikken will suffer irreparable harm if the injunction is not granted.

Specifically, Malerifabrikken has proved a *prima facie* case of copyright infringement because (1) the Malerifabrikken Works is registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use the Malerifabrikken Works, and (3) Defendants' use of the Malerifabrikken Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Malerifabrikken. Furthermore, Defendants' continued and unauthorized use of the Malerifabrikken Works irreparably harms Malerifabrikken through diminished goodwill and brand confidence, damage to Malerifabrikken's reputation, loss of

2

exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Malerifabrikken has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Malerifabrikken Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Malerifabrikken product or not authorized by Malerifabrikken to be sold in connection with the Malerifabrikken Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Malerifabrikken product or any other product produced by Malerifabrikken, that is not Malerifabrikken's or not produced under the authorization, control, or supervision of Malerifabrikken and approved by Malerifabrikken for sale under the Malerifabrikken Works;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Malerifabrikken, or are sponsored by, approved by, or otherwise connected with Malerifabrikken; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner,

3

products or inventory not manufactured by or for Malerifabrikken, nor authorized by Malerifabrikken to be sold or offered for sale, and which bear any of Malerifabrikken's copyrights, including the Malerifabrikken Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Malerifabrikken's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Temu, LLC ("Temu") (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Malerifabrikken expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

4

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Temu, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Malerifabrikken's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Malerifabrikken Works.

5. Any Third Party Providers, including Amazon and Temu, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Lars Andersen, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Malerifabrikken may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant

documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Lars Andersen and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "爆爆爆 and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Exhibit 2 to the Declaration of Lars Andersen [17], and the TRO [20] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollar ($10,000) bond posted by Malerifabrikken shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Elaine E. Bucklo
United States District Judge

Dated: May 12, 2026

6